PD-0396-15
PD-0397-15

In The Court Of Criminal Appeals
Of The State of Texas

Jonathan Glen Johnson, Appellant

V.

The State of Texas, Appellee

Appeal from Harris, County

\* \* \* \*
Motion For Rehearing
\* \* \* \*

Jonathan G. Johnson
Spn # 02663182
Pro Se
701 San jacinto
Houston, Tx 77002

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 01 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

SEP 11 2015

Abel Acosta, Clerk

PD-0396-15
PD-0397-15

Jonathan Glen Johnson          Appellant

V.

The State of Texas
                               Appellee

_____

* * * * *
Motion For Rehearing
* * * * *
_____

To the Honorable Court of Criminal Appeals:

Comes now Jonathan Glen Johnson, appellant in the above-entitled and numbered cause, and submits this motion for rehearing pursuant to Rule 49.1 of the Texas Rules of Appellate Procedures and requests that the Court reconsider it's Opinion of July 29, 2015 and reverse and remand for a new Sentencing hearing in accordance with the law.

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 01 2015

Abel Acosta, Clerk

Respectfully Submitted

Jonathan Johnson

## Point Of Error

#1 Did the fourteenth Court of appeals err when it failed to find that the trial Court did not abuse it's discretion by improperly admitting evidence of extranneous offenses in the punishment phase, in light of a diffrent opinion issued in Grunsfeld v. State 843 S.W. 2d 521 (Tex. Crim. App. 1992), in addition to Murdock v. State (App. 6 Dist 1993) 856 S.W. 2d 262, Were as evidence of extraneous offenses were inadmissable, due to appellant never being Convicted of such offense

#2 Did the fourteenth Court of Appeals err when it failed to find that the trial Court did not abuse it's discretion, by holding a Positive Identification Sufficent Evidence dispite Victims testimony of mistaken Identity, resonable doubt and vision problems in an Unfinished Investigation Under Article 37.07 T.C.C.P which would violate Due Process to admit Unfounded Prejudical Allegations.

#3 Did the fourteenth Court of Appeals err when it failed to find that the trial Judge did not Consider the evidence of extraneous Offenses in punishing appellant due to the Judge never verbally saying Whether or not he Considered or if there was sufficent Evidence of the extraneous offenses. Complained of.

1

## Grounds for Review

Did the Fourteenth Court of Appeals err when it failed to find that the trial court did not abuse it's discretion by improperly admitting evidence of extraneous offenses in Punishment Phase in light of Grunsfeld v. State and evidence of extraneous offense that Appellant was never Convicted of in light of Murdock v. State?

## Argument

The Appeal court uses Article 37.07(3)(a) to Justify the Court's actions in admitting Unadjudicated extraneous offense evidence. However when we take a look at Grunsfeld v. State writing the majority opinion for the dallas Court of Appeals, Judge John Onion examined the legislative history and intent behind the amendment to article 37.07 (3)(a) and Concluded the legislature did not intend to make Unadjudicated offenses and their details admissable in non-Capital trials. Grunsfeld v. State, 813 S.W. 2d 158, 171 (Tex. App-Dallas 1991).

In Blackwell v. State the Appeals court Concluded that the trial court erred during Punishment phase by admitting evidence of unadjudicated acts of misconduct and remanded the Cause for a new Punishment hearing Under Article 44.29(b) Texas. Code. Crim. Proc. Ann. Holding Judge Onion's analysis is more Persuasive because it harmonizes and gives effect to all provisions of the statue and therefore adopted the ruling in Grunsfeld v. State and applied it there. Blackwell v. State (App. 10 Dist. 1991) 818 S.W. 2d 134.

Mr. Johnson hearing was a non-Capital trial, in Comparison with Grunsfeld and Blackwell Criminal law 986.6(3) State's: Unadjudicate and specific acts of misconduct were not admissable in Sentencing Phase of a non-Capital trials. Vernon's Ann. Texas C.C.P. art 37.07(3)(a), 37-071(c). Therefore the admission of the Unadjudicated extraneous Conduct was inadmissable at mr. Johnson non-Capital trial. The trial Court acceptance of the alleged extraneous misconduct would go against the statues and Judgement of Judge Onion's analysis and all the Respected courts who adopted it.

2

In murdock v. State evidence of an unconvicted offense was inadmissible in the punishment phase of the trial. Murdock v. State (App. 6 Dist 1993) 856 S.W. 2d 262

The state argued on appeal that the amendment to Article 37.07(3)(a) effectuates the legislature intent to overturn this Court ruling in murphy v. State 777 S.W. 2d 44 Tex.Cr. App 1989) by now allowing the admission of "any matter the court deems relevant to sentencing including unadjudicated extraneous offenses. Arguing the term "including is one of inclusion not limitation and therefore admissable evidence in not limited to a defendant prior record, general reputation and character but may include anything the trial court deems relevant including evidence of unadjudicated offenses. The Appeal Court in mr. Johnson case agree's with this and uses it to justify the trial courts actions

However the Code Construction act does not provide that use of the term "include or including" will render any following list of components immune from limitation the legislative may ~~chose~~ Chose to impose. Accordingly insertion of the term "including" does not mean that "any matter the Court deems relevant to sentencing.

Noted by the dallas Court of Appeals [I]t would not make sense that the legislature intended that extraneous unadjudicated offenses and their details be admissable, but that prior convictions must be final before being admissable and even then, that details of the underlying offenses are to be excluded" Grunsfeld v. State 813. S.W. 2d at 172.

In murphy v. State 777 S.W. 2d at 839 the Appeal courts held "This Court has constantly held that evidence of specific acts (good or bad) including extraneous unadjudicated offenses are inadmissable." We see no reason to construe that definition any differently now.

Therefore Article 37.07(3)(a) cannot justify the trial Courts action in mr. Johnson's case because it would construe the definition held in murphy v. State, Grunsfeld v. State, Blackwell v. State, and murdock v. State. On top of the extraneous evidence being inadmissable, the **extraneous**

3

Misconduct held against mr. Johnson did not result in a final conviction but a dismissal. This improperly admitted evidence should not have been presented in the punishment hearing.

The purpose of Tex. Code. Crim. Proc. Ann. art 37.073(a) (Vernon Supp. 1993) as construed by Grunsfeld v. State is to exclude all refrences to extraneous offenses that are not final convictions. In murdock v. State The Criminal Appeal Court majority holding Judge Concurred that "Evidence of unadjudicated offenses was improperly admitted during the punishment phase of the trial, finding that the admission of the evidence was an abuse of discretion and we cannot say beyond a resonable doubt that this error made no contribution to the punishment and for that reason, the Judgement fixing punishment must be reversed. As Stated in Grunsfeld v. State, murdock v State and Blackwell v. State Under article 37.07(3)(a) the trial Court improperly admitted evidence of unadjudicated extraneous offenses against mr. Johnson that resulted in no final conviction but a dismissal.

Errors like these are an abuse of discretion in which it Cannot be said beyond a resonable doubt that this error made no contribution to the punishment. Therefore in compliance with the Judges and Judgement in the mentioned cases from the respected appeal courts and Criminal Appeal courts mr. Johnson case should be reversed and remanded.

### Ground for Review

Did the fourteenth Court of appeals err when it failed to find that the trial Court did not abuse it's discretion by holding Pierre's Positive Identification Sufficent Evidence dispite his testimony of Possibly mistaken Identity, resonable doubt and vision problems Under article 37.07 T.C.C.P which would violate Due Process to admit Unfounded Prejudicial Allegations?

### Argument

The Court of appeals held there was sufficent evidence to conclude mr. Johnson responsible for the extraneous offenses due to the states main card

4

Only witness/evidence Pierre's Positive Photo Identification. However Pierre expressed on multiple occasions he had doubt that it was mr. Johnson. (Supp R.R. at 22, 24). Regardless if it was only 1%, doubt is a feeling of uncertainty; Unsure. Pierre went further on to say he could have Mistaken Mr. Johnson to be Someone else and confessed to having vision problems. On Cross-examination Pierre answered "yes" when asked does he have difficulty seeing distance. (Supp R.R at 35) He then made the Statement "Sometimes we make mistakes Sometimes we see somebody look like Somebody else" "I could be making a mistake at that time yes" (Supp R.R at 35). These 3 statements with inclusion of a fourth statement "I suspect him 99% but that 1% I felt funny" (Supp R.R at 24) without a doubt Could not be Considered a positive Identification and also Could Conclude Pierre's Was more than 1% Unsure. Note that these Statements Came after Pierre was unable to Identify the Perpetrator in Court. (Supp. R.R at 27). When we look at the Proposition Stated by professor Dix and Schmolesky in Townsend V. Burke 334 U.S 736, 740 (1948) "The fundamental right to accuracy in Sentencing is well recognized" 43 A Tex. Prac., Criminal Practice and Procedures § 46:118 93d ed

If accuracy is suppose to play a part in Criminal Practice and Procedures, Then what is ~~accurate~~ accurate of an Uncertain witness except the fact that accurately we can say he is uncertain. (Supp R.R 32, 33) As we See in most Death Penalty Cases that are reversed due to a reganting witness Mr. Johnson Case is no diffrent.

Even if Point of Error #1 is Justified the Appeal courts added in there memorandum: Evidence of extraneous crimes or bad acts is admissable if they are Shown beyond a resonable doubt by evidence to have been Commited by the defendant or if he Could be held responsible for them. If this holds to be true then without a doubt Evidence of the extraneous offense was inadmissable due to the states only evidence/witness Showed resonable

doubt in his testimonies. It cannot be said accurately without doubt that the perpetrator taking off the bandanna in the car was in fact Mr. Johnson because Pierre never saw the Robber enter the Car. (Supp R.R at 3°

There is no further evidence connecting Mr. Johnson to the Prejudicial and unfounded allegation, which would violate his rights to due process for the trial court to have admit, heard and Consider them.

In Delany V. State 12-07-00035-CR, 2008 WL 2571715 (Tex. App.-Tyler June 30, 2008, no pct) The Defendant Pled guilty to a PSI for aggrivated Robbery. However the Sentencing hearing revolved around an uncharged investigation against him for murder Presented as an addendum to the PSI the Court of Appeals reversed and remanded the Cause Concluding that the Sentencing Court abused it's discretion in Considering the evidence regarding the murder.

This Case is no diffrent then Mr. Johnson's Case in fact it is Parallel to Delany V. State. When the trial Court Judge made the statement "he did not want to Proceed in the direction of the extraneous if the State was only investigating" Showed he held discretion.

He abused that discretion when he Proceeded to listen to the evidence from an uncharged / Unfinished Investigation By improperly admitting State's Exbits 2+3 (Supp R.R at 52) and testimony into the Punishment hearing.

In Grunsfeld v. State the appeal court stated "The evidence admitted in both cases implicated appellants in offenses which were very similar in detail to the subject offense. In light of it's highly Prejudical nature, we cannot say beyond a resonable doubt that the admission of the evidence by the trial Court did not Contribute to the Punishment of Appellants. For this reason herein Stated we affirm the decision of the Court of appeals in Grunsfeld reverse the decision of the Court of Appeals in Hunter and remand both Cases to there respective Courts for Proceedings Consistent with Article 44-29(b) V.A.C.C.P.
Grunsfeld v. State 843 S.W. 2d 521 (Tex. Crim. App 1992)

L

Just as in Grunsfeld and Delany the trial court abused it's discretion and violated Mr. Johnson's rights to due process by improperly admitting allegation's and evidence against him as being responsible for the extraneous robberies because it could not be rationally inferred from the evidence that Mr. Johnson had criminal responsibility for the extraneous misconduct.

## Ground for Review

Did the fourteenth Court of appeals err when it failed to find that the trial Judge did not consider the evidence of extraneous offenses in punishing appellant because the Judge never made the decision whether there was sufficient evidence?

## Argument

The appeal court contend that there is no evidence to support the trial Judge considered the extraneous evidence in arriving at appellant sentence. Using his statement "that he would make a decision if there is sufficient evidence," Concluding that the Judge never said whether or not he considered the extraneous, or the acts were proven beyond a reasonable doubt.

But when we take a look at Harris V. State, the Criminal appeal Court held "we are not concerned here whether there was sufficient evidence on which the petitioner trial could have been convicted without the evidence complained of. The Question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction to decide this it is necessary to review the facts of the case and evidence adduced at trial" Harris V. State. 790 S.W. 2d 568 (Texas. Crim App 1989). Given this Judgement, if we take a look at the Court records ~~could have filed~~ it could be concluded that the extraneous evidence complained of contributed to the punishment. The record would reflect that the sentencing hearing revolved around the unadjudicated, unfounded, prejudicial extraneous offense evidence adduced at trial. Court records would reflect 13 pages of testimony from 3 victims in both cases Mr. Johnson pleaded guilty to. (Supp R.R 7-19)

7

Victims in each case believed in Redemption on Mr. Johnson behalf. (supp. R.R at 14,19)

As to the dismissed extraneous offense evidence the Court record would reflect 53 pages of testimony from Pierre and the Investigating detective, (supp. R.R at 19-71) with two exhibits admitted in the record. On a Percentage Scale, 80% of the hearing was surrounded the extraneous offense. Which would conclude the majority hearing surrounded the extraneous offense evidence.

If the Question stated in Harris V. State is whether the evidence complained of might have contributed to the Conviction? Then the answer to that question is yes

In addition the state emphasized on the extraneous offense in the closing argument by asking for the 15 years sentence, not because of what mr. Johnson pleaded guilty to, but what they alleged he did. "He had no reason made bond on two, had his second chance. and went out and committed another. And not only did he commit another he put another three people in fear of their life and at the risk of death, In total he put seven different citizens of Harris County in fear of death at the end of his shotgun

He had a chance to make better decisions and he was Given that chance and he committed another aggrivated robbery. He Hasn't accepted responsibility for all his actions and that's why were here today is because he still is not accepting responsibility. He still doesn't understand the Consequences of his actions and for that the State asks that the— that you impose a sentence of 15 years TDC. (Supp R.R at 102, 103)

This statement would ~~definently~~ definently be harmful. Even went further to say "mr. Johnson was given a second chance" leaving one to believe that he had a chance of receiving Probation Deferred as his Co-Defendant received (supp. R.R at 11)

8

The Court of appeals relied on the Judge Decision of determing Sufficent Evidence to determine whether or not the extraneous evidence Caused harm.

However Criminal law 1165(1) holds "Appelate Courts should not determine harmfulness of error simply by examining whether there exsist over-whelming evidence to support defendants guilt. Rules App. Proc., Rule 81 (b)(2).

In Chapman V. California and Harris V. State. The Appeal Courts held "When we find error in the proceedings of the Courts below, the error is reversible, Unless we determine "beyond a resonable doubt that the error made no Contribution to the Conviction or to the Punishment Chapman V. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed 2d 705 (1967); Harris V. State, 790 S.W. 2d 568, 584 (Tex. Cr. App. 1989); TEX. R. APP. P 81 (b)(2)

Seeing that improperly admitted evidence is an abuse of discretion which is a reversible error were it cannot be Said beyond a resonable doubt that the evidence Complained of made no Contribution to the Conviction. Just as the many respected Cases Stated in this petition the Cause for Mr. Johnson should be reversed and remanded.

## Conclusion

It is respectfully requested that this petition be granted due to Mr. Johnson Sentenced being based on Unfounded Prejudicial allegations in violation of his rights to due Process of law, the appellant prays this Court reverse the fourteenth Court of appeals Judgement and remand for a new Sentencing in accordance with the law.

Respectfully — Jonathan Johnson
Submitted    Pro Se
701 San Jacinto, 7B1-01K
Houston, TX 77002
Spn: 02663182

9

## Certificate Of Service

I certify that a true and Correct Copy of the Appellant's Motion for Rehearing, was sent by mail On August - 11 - 2015.

Jonathan Glen Johnson
Spn#02663182
701 Sanjacinto   Cell: 781-01k
Houston, Tx 77002

**HARRIS COUNTY SHERIFF'S OFFICE JAIL**
Name: Jonathan Johnson
SPN: 02663182   Cell: 761 - 015
Street: 701 San Jacinto
HOUSTON, TEXAS 77002

Court of Criminal Appeals
P.O. Box 12308
Austin, Tx 78711

